UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MOOSTAFA YOSEF BEY,

                     Plaintiff,

        -against-

ROCHDALE VILLAGE, INC.,

                     Defendant.
------------------------------------------------------------- x

**REPORT & RECOMMENDATION**

1:19-cv-497 (LDH)(PK)

**Peggy Kuo, United States Magistrate Judge:**

      Rochdale Village, Inc. ("Rochdale" or "Defendant") petitions the Court to confirm the June 14, 2023, arbitration award (hereinafter "Award") entered against Stephen Joseph, formerly known as Moostafa Bey ("Plaintiff"), pursuant to the Federal Arbitration Act ("FAA"). ("Petition," Dkt. 67.) Plaintiff cross-petitions to vacate or modify the award. ("Cross-Petition," Dkt. 72.) The Honorable LaShann DeArcy Hall referred to me the Petition and Cross-Petition for a Report and Recommendation. (Order dated June 10, 2024.) For the reasons set forth below, I respectfully recommend that the Petition be GRANTED and that the Cross-Petition be DENIED.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff served as a public safety officer in Defendant's Public Safety Department from August 25, 2008, until his termination on June 4, 2018. (Mem. and Order at 1, Dkt. 49.) Plaintiff commenced this action on January 22, 2019, alleging that he was "unlawfully terminated, discriminated against, and retaliated against by Defendant because of his Jewish faith and indigenous heritage." (Mem. and Order at 3, Dkt. 39; *see* Am. Compl. at 3–4, Dkt. 13; Compl., Dkt. 1.)

1

During Plaintiff's employment, he was represented by Special and Superior Officers Benevolent Association ("the Union"), a labor union. (Mem. and Order, Dkt. 49 at 1–2.) The terms of Plaintiff's employment with Defendant were governed by a collective bargaining agreement (the "Agreement") between the Union and Rochdale. (*Id.*) The Agreement expressly requires arbitration of all employee discrimination claims through the grievance and arbitration procedure. (Agreement at ¶¶ 8.1, 16.1, 16.6, 17.1–17.4, Dkt. 28-1.)

Rochdale moved to stay this action and compel arbitration, pursuant to the terms of the Agreement between Rochdale and Plaintiff's union. (Def.'s Mot. to Compel Arbitration at 4–6, Dkt 29.) On November 19, 2020, the Court granted Defendant's motion to compel arbitration. (Dkt. 49.) On June 17, 2021, Martin Scheinman (the "Arbitrator") was appointed as the arbitrator. (Award at 7, Dkt 67-3.)

On June 14, 2023, the Arbitrator issued a written award detailing the parties' positions, the evidence offered, and the Arbitrator's analysis of the issues. (*See id.*) The Arbitrator made six written findings. (*Id.* at 32.) He first found that the causes of action Plaintiff asserted in his First Amended Complaint are arbitrable. (*Id.* at 22–23.) The Arbitrator then found that Defendant did not discriminate against Plaintiff, retaliate against him, subject him to disparate treatment, or fraudulently induce or defame him. (*Id.* at 30–31.) The Arbitrator also found that the Defendant had just cause to discipline and terminate Plaintiff's employment. (*Id.* at 28.)

The Arbitrator found that Rochdale presented substantial credible evidence that it had just cause to sustain disciplinary charges against Plaintiff. (*Id.* at 25; *see id.* at 28 "[T]here was ample basis [for Defendant] to terminate [Plaintiff] under well established principles of progressive discipline.") In addition, the Arbitrator found that Rochdale "had just cause to terminate [Plaintiff]" because Plaintiff "1) [took] breaks in unauthorized areas; 2) [took] unauthorized breaks by extending the time;

2

3) [failed] to notify the dispatcher as to his whereabouts; and 4) [made] false entries into his logbook." (*Id.* at 30.) "Moreover, given the proven offenses, [Plaintiff] was guilty of misconduct that would have warranted termination even had he not been previously disciplined." (Award at 28.)

In addition, the Arbitrator found that Plaintiff's claims of "harassment, intimidation, retaliation, and discrimination . . . are without merit." (*Id.* at 30–31.) The Arbitrator found that Plaintiff "failed to present any evidence of disparate treatment" (*id.* at 29) and did not present "sufficient evidence from which [the Arbitrator could] conclude [Plaintiff's] suspensions and termination were pretexts for discrimination." (*Id.* at 2.)

On the basis of these findings, the Arbitrator denied Plaintiff's grievance. (*Id.* at 31.)

On December 29, 2023, Defendant filed its Petition, seeking to confirm the Award. (Dkt. 67.) On January 31, 2024, Plaintiff filed his Cross-Petition, moving to vacate the Award. (Dkt. 72.) Defendant opposed Plaintiff's motion to vacate the Award. (Dkt. 75.) Plaintiff opposed Defendant's motion to confirm the Award. (Dkt. 76.) Defendant replied in support of its Petition. (Dkt. 78.)

## **LEGAL STANDARDS**

Section 301 of the Labor Management Relations Act ("LMRA") grants federal courts jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization," including petitions to confirm labor arbitration awards. 29 U.S.C. § 185. A court's confirmation of an arbitration award generally is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). The confirmation process does not serve as an opportunity to re-litigate the issues resolved in the arbitration award. *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805, 808 (2d Cir. 1960).

Pursuant to Section 9 of the FAA, this Court "must" confirm the Award "unless" there is a legitimate basis to vacate, modify, or correct that award "as prescribed in sections 10 or 11 of [the

3

FAA]." *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (citing 9 U.S.C. § 9). It is well-established that an arbitrator's decision is given great deference by the Courts. *See Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378 (2d Cir. 2023) ("[A]n extremely deferential standard of review" is appropriate in the context of arbitral awards "[t]o encourage and support the use of arbitration by consenting parties.") (quoting *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007).) Arbitration awards are subject to "very limited [review] in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 405 (2d Cir. 2009) (citation omitted); *see also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) ("Judicial review of a labor-arbitration decision pursuant to such an agreement is very limited."). The party challenging an arbitration award bears the heavy burden of proving the existence of grounds for vacatur. *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008).

Section 10 of the FAA specifies grounds for a court to vacate an arbitration award, including, as relevant here, where there was "evident partiality" in the arbitrator, 9 U.S.C. § 10(a)(2); where the arbitrator was "guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy," 9 U.S.C. § 10(a)(3); or where the arbitrator "exceeded his powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made," 9 U.S.C. § 10(a)(4).

Section 11 of the FAA permits the court to "modify and correct" an arbitration award, "so as to effect the intent thereof and promote justice between the parties." 9 U.S.C. § 11. Grounds for such modification or correction exist where, as relevant here, there was "an evident miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C. § 11(a).

4

In addition to these statutory provisions for vacating, correcting, or modifying an arbitration award, the Second Circuit has held that an award may also be vacated if it exhibits a "manifest disregard" of the law or of the "parties' relevant agreement." *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451 (2d Cir. 2011) (collecting cases).

## DISCUSSION

### I. Plaintiff's Petition to Vacate or Modify the Award

#### A. There Was No Evident Partiality

Plaintiff alleges that the Arbitrator's award "displayed disturbing partiality." (Cross-Petition at 1.) In support of this argument, Plaintiff points to evidence that the Arbitrator purportedly did not consider. (*Id.* at 2–4.)

Under 9 U.S.C. § 10(a)(2), "[e]vident partiality may be found only 'where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration.'" *Scandinavian Reins. Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 64 (2d Cir. 2012) (quoting *Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.*, 492 F.3d 132, 137 (2d Cir. 2007)). "[A]n arbitrator is disqualified only when a reasonable person, considering all the circumstances, would *have* to conclude that an arbitrator was partial to one side." *Id.* at 72 (quoting *Applied Indus. Materials*, 492 F.3d at 137 (emphasis in original)). "The burden of proving evident partiality 'rests upon the party asserting bias.'" *Id.* (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G.*, 579 F.2d 691, 700 (2d Cir. 1978).) The party challenging the arbitration award "must prove evident partiality by 'clear and convincing evidence.'" *Nat'l Football League Mgm't Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 548 (2d Cir. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 106 (2d Cir.2013)). "Mere speculation" and "mere appearance of bias" are not sufficient; the bias must be actual, direct and definite. *Sofia Shipping Co. v. Amoco Transport Co.*, 628 F. Supp. 116, 119-20 (S.D.N.Y. 1986) (citation omitted). Courts employ a case-by-case approach in determining

whether an arbitrator has acted partially and may consider factors such as "(1) the extent and character of the personal interest, pecuniary or otherwise, of the arbitrator in the proceedings; (2) the directness of the relationship between the arbitrator and the party he is alleged to favor; (3) the connection of that relationship to the arbitrator; and (4) the proximity in time between the relationship and the arbitration proceeding." *Nat'l Indem. Co. v. IRB Brasil Resseguros S.A.*, 164 F. Supp. 3d 457, 475 (S.D.N.Y. 2016) (quoting *Scandinavian Reins. Co.*, 668 F.3d at 74). "'[A]dverse rulings alone rarely evidence partiality.'" *Id.* (quoting *Scandinavian Reins. Co.*, 668 F.3d at 75).

Plaintiff does not provide any support for the Arbitrator's evident partiality. First, Plaintiff does not allege that the Arbitrator has any personal interest, pecuniary or otherwise, in the proceeding or any relationship to Rochdale that would create bias or partiality. Second, Plaintiff's allegations about the arbitrator's handling of the proceedings do not compel a reasonable person to conclude that the Arbitrator was partial.

Plaintiff insists that the Arbitrator's partiality can be established because "the evidence [Plaintiff] provided left no room for ruling justifiably in favor of the defendant who failed to provide any credible information/evidence to counter [his] claims." (Cross-Petition at 1.) The Arbitrator's handling of the proceedings, however, shows no sign of partiality. Before the proceedings, both parties filed pre-hearing briefs and affidavits of individuals who would testify. (Award at 7.) Both parties also exchanged all documents, videotapes, and audiotapes. (*Id.*) The parties stipulated eight specific issues that would be arbitrated. (*Id.* at 8.) The arbitration took place over four hearings, with both parties being offered a full opportunity to introduce evidence and argue their respective positions. (*Id.* at 7.) At the close of the hearings, both parties submitted written closing arguments. (*Id.* at 8.)

Despite Plaintiff's arguments to the contrary, the Arbitrator's findings for the Defendant alone do not support a finding that he was partial or biased. *See Thomas C. Baer, Inc. v. Architectural &*

6

*Ornamental Iron Workers Local Union*, No. 580, 813 F.2d 562, 565 (2d Cir. 1987) ("[T]he fact that the arbitrator found in favor of the Union clearly does not satisfy [petitioner's] burden of showing partiality"); *Nat'l Indem. Co.*, 164 F. Supp. 3d at 481 n.28 (finding that arbitrator's disagreement with party's position and adverse rulings against a party do not indicate unfair bias), *aff'd*, 675 Fed. Appx. 89 (2d Cir. 2017); *Stone v. Theatrical Inv. Corp.*, 64 F. Supp. 3d 527, 535 (S.D.N.Y. 2014) (finding no evident partiality where "arbitrator had ample evidence to support her decisions" and defendant's claim of partiality "d[id] not rise to the level of evidence required to show that a reasonable person would *have* to conclude that [the arbitrator] was partial.") (emphasis in original).

Accordingly, Plaintiff has failed to show that there was evident partiality in the Arbitrator.

### B.   The Arbitrator Did Not Refuse to Hear Pertinent and Material Evidence

Plaintiff argues that the Arbitrator "refus[ed] to hear" evidence that he proffered. (Cross-Petition at 2–4.)

Section 10(a)(3) of the FAA permits vacatur of an arbitral award if there is misconduct in refusing to hear evidence pertinent and material to the controversy. Although not required to hear all evidence proffered by a party, an arbitrator must give each party "an adequate opportunity to present its evidence and argument." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) (citation and quotation omitted). However, a court applying this provision "is restricted to determining whether the procedure was fundamentally unfair." *Id.* "The misconduct must amount to a denial of fundamental fairness of the arbitration proceeding in order to warrant vacating the award." *Id.* (quoting *Concourse Beauty School, Inc. v. Polakov*, 685 F. Supp. 1311, 1318 (S.D.N.Y. 1988). *Cf. LJL 33rd Street Associates, LLC v. Pitcairn Properties Inc.*, 725 F.3d 184, 195 (2d Cir. 2013) (reversing district court's vacatur of arbitration award under 9 U.S.C. § 10(a)(3) because exclusion of exhibits was within bounds

7

of arbitrator's permissible discretion and "did not impair the 'fundamental fairness' of the proceeding" (quoting *Tempo Shain Corp.*, 120 F.3d at 20)).

Plaintiff does not specify any evidence that the Arbitrator refused to admit. Instead, Plaintiff describes instances where he believes the Arbitrator ignored his evidence or credited Defendant's evidence over Plaintiff's. For example, Plaintiff disputes the Arbitrator's finding that there was "no scintilla of credible evidence [Defendant] allowed other employees to read or carry books of any kind while on patrol." (Award at 29–30.) Plaintiff points to what he characterizes as "compelling evidence" that "no other supervisors had an issue with me carrying my bible" at work. (Cross-Petition at 5.) However, the Arbitrator's statement was made in the context of concluding that Plaintiff "failed to present any evidence of disparate treatment," *i.e.,* that Plaintiff was treated differently from others by *not* being allowed to read or carry books while on patrol. (Award at 29-30.) In any event, Plaintiff's reference to evidence that is in the record contradicts his contention that the Arbitrator refused to admit any particular evidence.

Plaintiff correctly identifies that the Arbitrator "accepted as credible" much of Defendant's evidence. (*See* Cross-Petition at 1). Plaintiff insists that the Arbitrator "refused to consider evidence" that Plaintiff proffered about various situations. (*Id.* at 3 (concerning two suspensions in 2017 and Plaintiff's absence in April 2017); 4 ("related to my unfair suspension"). Making repeated credibility determinations in favor of Rochdale, however, does not indicate that the Arbitrator refused to *hear* Plaintiff's evidence.

Accordingly, I find that the Arbitrator did not refuse to hear pertinent and material evidence or otherwise deny Plaintiff fundamental fairness.

8

### C. The Arbitrator Did Not Engage in Other Arbitral Misconduct, Such as Exceeding His Authority

An arbitrator exceeds his authority under FAA Section 10(a)(4) only if he (1) considers issues beyond those the parties have submitted for his consideration, or (2) reaches issues clearly prohibited by law or by the terms of the parties' agreement. *Anthony v. Affiliated Computer Servs., Inc.*, 621 F. App'x 49, 51 (2d Cir. 2015) (citation and quotations omitted). The Second Circuit has "consistently accorded" Section 10(a)(4) "the narrowest of readings." *Id.* (quoting *Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113, 122 (2d Cir. 2011)).

The parties stipulated that the Arbitrator would consider eight issues. (Award at 8.) Plaintiff does not allege that the Arbitrator considered or reached issues beyond these eight. Plaintiff proffers no other evidence that the Arbitrator exceeded the scope of his powers.

Accordingly, the Arbitrator did not "exceed" his authority under 9 U.S.C. § 10(a)(4).

### D. The Award Should Not Be Modified

Plaintiff argues that "[t]he award should be modif[ied] on the grounds that the arbitrator rule[d] in favor of the Defendant despite Defendant's absence of evidence and also on the grounds of evident miscalculation." (Cross-Petition at 6.)

Section 11 of the FAA permits the court to "modify and correct" an arbitration award, "so as to effect the intent thereof and promote justice between the parties." 9 U.S.C. § 11. Grounds for such modification or correction exist where there was "an evident miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C. § 11(a). "Section 11(a) does not permit modification where the award is not the result of some careless or obvious mathematical mistake, but rather the disposition of a substantive dispute that lays at the heart of the arbitration." *Gold v. Opera Sols., LLC,* No. 16-CV-8121 (JPO), 2017 WL 3267770, at *3 (S.D.N.Y. Aug. 1, 2017) (quotation omitted). A court may not modify an

9

arbitration award "simply because it believes the arbitrator incorrectly interpreted a contract." *Foster Wheeler Env't Corp. v. EnergX TN, LLC*, No. 13-CV-1178 RA, 2014 WL 982857, at *5-6 (S.D.N.Y. Mar. 13, 2014). "Evident material mistakes include clerical and typographical errors, or other mistakes that do not implicate a substantive dispute." *Chen v. Kyoto Sushi, Inc.*, No. 15-CV-7398 (DLI)(RER), 2021 WL 1224377, at *4 (E.D.N.Y. Apr. 1, 2021).

Plaintiff has not alleged any material mistakes or other evident miscalculations in the Award. Instead, Plaintiff again reviews certain areas of the record in which the Arbitrator credited Defendant's evidence over Plaintiff's. (*See* Cross-Petition at 4–8.) Because Plaintiff failed to present evidence of miscalculation or material mistake, I find that the Award should not be modified.

### E.     The Arbitrator Did Not Manifestly Disregard the Law

In addition to the above statutory provisions for vacating, correcting, or modifying an arbitration award, an award may be vacated where it exhibits a "manifest disregard" of the law or of the parties' relevant agreement. "The 'manifest disregard' test requires something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 13 (2d Cir. 1997) (internal quotation removed). It requires that "the arbitrator 'understood and correctly stated the law but proceeded to ignore it.'" *Id.* (quoting *Siegel v. Titan Indus. Corp.*, 779 F.2d 891, 893 (2d Cir. 1985). Vacating an arbitral award for manifest disregard of the law is reserved for "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent but where none of the provisions of the FAA apply." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003). It is a "doctrine of last resort." *Id.* Accordingly, "[i]f there is 'even a barely colorable justification for the outcome reached,' the court must confirm the arbitration award" under

10

the FAA. *Willemijn Houdstermaatschappij*, 103 F.3d at 13 (quoting *Andros Compania Maritima, S.A.*, 579 F.2d at 704).

Plaintiff does not allege that the Arbitrator manifestly disregarded the law or decided issues far outside those to which the Parties stipulated. Plaintiff offers no facts to demonstrate that the Arbitrator "understood and correctly stated the law but proceeded to ignore it." Instead, Plaintiff's arguments focus on the Arbitrator's failure to find credible Plaintiff's evidence. (*See generally* Cross-Petition.)

The Court previously determined that the collective bargaining agreement in this case "clearly and unmistakably demonstrate[s] an intent by the parties to arbitrate the arbitrability of Plaintiff's claims." (Mem. and Order at 4, Dkt. 49). Examining the language of the Agreement, the Arbitrator determined that "[t]here can be no dispute the issue of Bey's termination is arbitrable" under the Agreement. (Award at 23.)

Because no party disputes that Plaintiff's claims were arbitrable and that the Arbitrator remained within the stipulated issues, I find that the Arbitrator did not display a manifest disregard of the law such that the Award should be vacated.

### F. Plaintiff's Petition Was Untimely

Apart from the merits of Plaintiff's Cross-Petition, Plaintiff also failed to timely file his petition to vacate the Award. Plaintiff does not address this failure.

To successfully oppose an arbitration award under the FAA, "[n]otice of a motion to vacate . . . an [arbitral] award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. The statute allows "[n]o exception" to this service period, such that a "party may not raise a motion to vacate, modify, or correct an arbitration award

11

after the three month period has run." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984) (noting further that there is "no common law exception" to this rule).

The Award was issued June 14, 2023. (Award at 32.) Plaintiff moved to vacate the award on January 31, 2024. (Cross-Petition at 1.) Accordingly, because Plaintiff did not move to vacate within 90 days, his Cross-Petition was untimely.

**II.      Defendant's Petition to Confirm Award**

Rochdale petitions the Court to confirm the Award under 9 U.S.C. § 9. (*See* Petition.)

Under the FAA, there is a presumption that the Court will confirm an arbitration award under 9 U.S.C. § 9 unless the award may be vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11. *Hall St. Assocs. L.L.C.*, 552 U.S. at 582. It is well settled that a Court should confirm an arbitration award that draws its essence from the collective bargaining agreement between the parties. *Beth Israel Med. Ctr. v. 1199/S.E.I.U. United Healthcare Workers E.*, 530 F.Supp.2d 610, 614 (S.D.N.Y. 2008) (an arbitration award should be upheld as long as it "draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice"). For an arbitration award to draw its essence from the parties' agreement, "the arbitrator need only explicate his reasoning" in terms that offer "a barely colorable justification" under the contract. *See Hygrade Operators, Inc. v. Local 333, United Marine Division*, 945 F.2d 18, 22 (2d Cir. 1991); *Wackenhut Corp. v. Amalgamated Local 515*, 126 F.3d 29, 31 (2d Cir. 1997) (court must affirm arbitrator's award if decision is "plausibly grounded in the parties' agreement"). Even when an arbitrator has "committed serious error," the award should still be confirmed as long as the arbitrator was "even arguably construing or applying the contract and acting within the scope of his authority." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38, 108 S. Ct. 364, 367, 98 L. Ed. 2d 286 (1987).

As discussed above, I find no basis for vacating, correcting, or modifying the Award under 9 U.S.C. §§ 10 and 11 or under a manifest disregard of the law standard. Accordingly, the Award must be confirmed.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Court grant Defendant's Petition, deny Plaintiff's Cross-Petition, and confirm the Award.

Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

SO ORDERED:

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
            September 16, 2024

13